Dear Ms. Odom:
This will confirm our telephone conversation on Wednesday, July 14, 1993, relative to Attorney General Opinion No. 93-392 dated June 15, 1993. The opinion concerned the ad valorem tax exempt status of property owned by the Lake Providence Port Commission (Commission) and the several businesses leasing said property from the Commission.
As discussed, Article VII, Section 21(A) of the Louisiana Constitution of 1974 affords ad valorem tax exemption to public lands and other public property used for public purposes. This general exemption includes all property owned by the state and its political subdivision. As noted in Opinion No. 93-392, the Commission constitutes a political subdivision under Article VI, Sections 43 and 44 of the 1974 Constitution. Thus, the property owned by the Commission and leased for the four businesses constitutes public property.
However, the fact that the property is deemed to be public, does not, in and of itself, afford tax exemption. It must also be used for a public purpose. The issue of whether public property is used for a public purpose is a factual one, the determination of which lies with the assessor and the Louisiana Tax Commission. As noted in Opinion No. 93-392, a public purpose has for its objective the promotion of public health, safety, morals, general welfare, security, prosperity and contentment of all inhabitants or residents, or at least a substantial part thereof. Further, when the use is for a public purpose an incidental private use or benefit will not negate or alter that public purpose and the use of the property. The mere fact that the Commission receives rental income from the property does not constitute a public purpose when there is no public function of government being carried out upon the lease property.
In order to assist in a determination of whether property qualifies for exemption, the actual activities of the lessee, the purpose of the business' charter, and use of the particular portion of the property under consideration should be examined as to how these factors relate to a public purpose.
While the uses of the public property by the four businesses do not appear to meet the criteria necessary to "serve a governmental function", such a determination must rest upon the shoulders of you, the assessor, and the Louisiana Tax Commission.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0129R